UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHUNHUA LEI,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

Case No. C26-3836-MLP

ORDER

This is Petitioner Chunhua Lei's third petition for writ of habeas corpus, filed under 28 U.S.C. § 2241, challenging her immigration detention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. In the instant petition, Petitioner challenges an Immigration Judge's ("IJ") October 8, 2026 denial of her request for a new custody redetermination and seeks immediate release or, in the alternative, a prompt bond hearing. (Dkt. # 1 at 15-18.) Government Respondents filed a return (dkt. # 7) along with declarations from their counsel, Barbara Andrade (dkt. # 8 ("Andrade Decl.")), and ICE Enforcement and Removal Operations ("ERO") Deportation Officer Vincent Cvitanovic (dkt. # 9 ("Cvitanovic Decl.")). Petitioner filed a traverse in reply. (Dkt. # 10.)

Having reviewed the parties' submissions and the governing law, the Court DENIES the habeas petition (dkt. # 1).[1]

## I. BACKGROUND

Petitioner, a citizen of the People's Republic of China, entered the United States without inspection in June or September 2022. (Dkt. #1 at 3; Cvitanovic Decl., ¶¶ 3-4.) In December 2022, she filed an affirmative application for asylum. (Dkt. # 1 at 3.) She is married to a lawful permanent resident and has community and professional ties to Las Vegas, where they live. (*Id.*)

In June 2024, Petitioner was convicted in the Las Vegas Justice Court of misdemeanor trespass. (Cvitanovic Decl., ¶ 5; *see* dkt. # 1 at 3.) In December 2024, Petitioner received deferred adjudication of a charge of soliciting or engaging in prostitution, which was subsequently dismissed after successful completion of diversion. (Cvitanovic Decl., ¶ 6; *see* dkt. # 1 at 3.)

On March 14, 2026, Petitioner was arrested and charged with four felony counts of committing fraud in a gaming establishment in Clark County, Nevada. (Cvitanovic Decl., ¶ 7; dkt. # 1 at 3.) On March 16, 2026, ERO took custody of Petitioner pursuant to an immigration detainer and transferred her to NWIPC. (Cvitanovic Decl., ¶ 8; dkt. # 1 at 3.) ERO served Petitioner with a Notice to Appear ("NTA") charging her with removability and filed the NTA with the Immigration Court. (Cvitanovic Decl., ¶ 9; *see* Andrade Decl., Ex. A at 2.)

On April 15, 2026, the Clark County district attorney declined all four fraud charges. (Dkt. # 1 at 3-4.)

Petitioner requested a bond redetermination on April 24, 2026, and an IJ held a bond hearing on April 30, 2026. (Cvitanovic Decl., ¶ 11.) The IJ held that the Immigration Court had

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

no jurisdiction to grant bond because Petitioner was detained pursuant to 8 U.S.C. § 1225(b) and, in the alternative, bond would be denied based on danger and flight risk. (*Id.*; dkt. # 1 at 4.) Petitioner did not appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). (Cvitanovic Decl., ¶ 11.)

On May 15, 2026, Petitioner filed her first petition for writ of habeas corpus, challenging the IJ's bond denial, which was granted on June 17, 2026. *Lei v. Bostock*, 2026 WL 1745806 (W.D. Wash. June 17, 2026) ("*Lei I*"). The Court held that Petitioner was subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and ordered a new bond hearing because it was unable to discern whether the IJ abused her discretion in the absence of a contemporaneous record of the IJ's bond hearing. *Id.* at *2-3.

Petitioner filed a bond redetermination request on June 22, 2026, and on June 24, 2026, the IJ held a bond hearing, denying bond based on flight risk and danger. (Cvitanovic Decl., ¶¶ 14-15; dkt. # 1 at 4; Andrade Decl., Ex. B.) Petitioner did not appeal the IJ's bond denial to the BIA. (Cvitanovic Decl., ¶ 15.)

On July 10, 2026, Petitioner filed a second habeas petition, challenging the bond denial, and the Court denied the petition on August 27, 2026. *Lei v. Bostock*, 2026 WL 2529521 (W.D. Wash. Aug. 27, 2026) ("*Lei II*"). The Court found that the IJ properly considered relevant factors and that Petitioner had "not identified 'highly probative or potentially dispositive' evidence that the IJ failed to discuss, which would suggest that the IJ failed to apply the correct legal standard." *Id.* at *3 (quoting *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024)).

On August 20, 2026, Petitioner appeared with counsel in her merits hearing before the Immigration Court. (Cvitanovic Decl., ¶ 18.) The IJ found Petitioner removable, denied all

applications for relief, and ordered her removed to China. (*Id.*) Petitioner appealed to the BIA on September 15, 2026. (*Id.* ¶ 19; dkt. # 1 at 4.)

On October 7, 2026, pursuant to 8 C.F.R. § 1003.19(e), Petitioner filed a motion for custody redetermination based on materially changed circumstances, which was denied without a hearing on October 8, 2026. (Cvitanovic Decl., ¶¶ 20-21; dkt. # 1 at 5, Ex. B.) The IJ found that, "[w]hile there are additional circumstances in this matter, they are not favorable to [Petitioner]. The applications for protection were denied, and [s]he was ordered removed to China." (Andrade Decl., Ex. C.) Any appeal of this ruling is due by November 9, 2026. (Cvitanovic Decl., ¶ 21.)

Petitioner filed the instant habeas petition on October 8, 2026. (Dkt. # 1.)

## II. LEGAL STANDARDS

Federal courts have authority to grant writs of habeas corpus to individuals detained "in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief," and may dispose of habeas matters "as law and justice require." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013); *see* 28 U.S.C. § 2243. Habeas petitioners must prove by a preponderance of the evidence that they are entitled to habeas relief. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (citation omitted).

## III. DISCUSSION

Petitioner contends exhaustion of administrative remedies should not be required and she should be released because the IJ abused her discretion in denying Petitioner's motion for custody redetermination. (Dkt. # 1.) Respondents contend prudential exhaustion should be required and that, if the petition is granted, the remedy should be another bond hearing, not immediate release, because Petitioner has not shown her detention is unlawful. (Dkt. # 7 at 3-7.)

**A. Exhaustion of Administrative Remedies**

There is no dispute that Petitioner has yet to exhaust her administrative remedies as to the IJ's denial of a bond hearing, given that she has not appealed to the BIA and the appeal deadline has not yet passed. The Court thus considers whether exhaustion should be required here.

In cases brought under § 2241, exhaustion is a prudential, rather than jurisdictional, requirement. *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). A court may require prudential exhaustion where: (1) agency expertise is necessary to build a proper record and reach a proper decision; (2) waiving the requirement would encourage bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes, obviating the need for judicial intervention. *Id*. (citing *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

Even where these factors weigh in favor of prudential exhaustion, the Court may waive the requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Aden v. Nielsen*, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) (citations omitted).

Assuming without deciding that the *Puga* factors weigh in favor of exhaustion, this Court finds that waiver of the exhaustion requirement is appropriate here as administrative remedies are "inadequate or not efficacious" and "irreparable injury would result." *Laing*, 370 F.3d at 1000. Government data reflects an average processing time of 204 days for BIA bond appeals.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1307 (W.D. Wash. 2025), *aff'd*, 183 F.4th 1160 (9th Cir. 2026). Petitioner has been detained since March 2026 and requiring her to wait another six months, conceivably more, for BIA review "would inflict the kind of harm that the bond hearing was designed to prevent—that is, prolonged detention without meaningful process." *Zavala Sandoval v. Hernandez*, 2026 WL 1661379, at *3 (W.D. Wash. June 9, 2026) (citations omitted). Moreover, as recognized by this Court, "[u]nder the factors outlined in *Puga* . . . prudential exhaustion is not necessary where the petitioner . . . raises a constitutional challenge to the adequacy of a bond hearing." *Vasquez v. Scott*, 2026 WL 2285535, at *2 (W.D. Wash. Aug. 7, 2026) (citing *Laing*, 370 F.3d at 1001) (citation modified); *see also Scott v. Hernandez,* 2026 WL 3034232, at *3 (W.D. Wash. Oct. 9, 2026). Similarly here, Petitioner raises a constitutional challenge to the denial of a motion for a bond hearing. Accordingly, the Court will consider the merits of the petition.

**B. Procedural Due Process**

At the June 2026 bond hearing, the IJ found Petitioner was a flight risk and danger to the community. *See Lei II*. Petitioner emphasizes that she does not challenge the Court's previous denial of habeas relief with regard to that decision. (Dkt. # 1 at 10-11.) Instead, in the petition, Petitioner argues that the IJ abused her discretion in denying her October 2026 motion for a bond hearing based on materially changed circumstances. (*Id.* at 8-10.) Petitioner cites several cases assessing bond hearings, but none reviewing an IJ's decision to deny a new bond hearing. (*See id.* at 16-17.)

In her reply, Petitioner asserts the Court should assess the IJ's decision utilizing the factors in *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019). (Dkt. # 10 at 5-8.) The *Banda* factors, however, are used to assess whether mandatory detention under 8 U.S.C.

§ 1225(b) has become unconstitutionally prolonged. 385 F. Supp. 3d at 1106 ("unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process.").

There is no dispute here that Petitioner's detention is discretionary pursuant to § 1226(a), *see Lei I*, and she has already been accorded two bond hearings. She does not contend that her detention has become unconstitutionally prolonged; rather, she argues that the IJ abused her discretion in denying a new bond hearing based on materially changed circumstances. (Dkt. # 1 at 8-10; dkt. # 10 at 3-5.) Accordingly, the Court concludes the *Banda* factors do not resolve the issue here.

The Court has jurisdiction to review the IJ's denial of a bond hearing where that denial is challenged as legally erroneous or unconstitutional. *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 772-73 (N.D. Cal. 2019). In doing so, a district court can "review mixed questions of law and fact, but it must be careful not to encroach upon the IJ's discretionary weighing of the evidence." *Id.* at 773 (internal alterations omitted); *see also Martinez*, 124 F.4th at 779 ("a mixed question of law and fact [is] reviewable as a 'question of law.'"); *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024) ("The application of a statutory legal standard . . . to an established set of facts is a quintessential mixed question of law and fact" reviewable in immigration cases.).

Regulations provide that, after an initial bond denial, a noncitizen may obtain another bond hearing "only upon a showing that the [noncitizen's] circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). Petitioner argues that the IJ acknowledged materially changed circumstances and, thus, abused her discretion in denying a bond hearing. (Dkt. # 10 at 1.) The record does not support Petitioner's argument. The IJ found "additional" circumstances, but found they were not favorable to Petitioner. (Andrade Decl., Ex. C.)

As Petitioner appears to acknowledge, “materially” changed circumstances means circumstances that have since changed in her favor. She argues that the favorable changes were: (1) four additional months of detention after the June 2026 hearing without misconduct; (2) her removal proceedings had “progressed” to a removal order, which she had appealed to the BIA; (3) her release plan remained available. (Dkt. # 10 at 3-4.)

Continued availability of a release plan is not a change. The passage of time is a given, although not necessarily a material change. And the absence of new misconduct is not a favorable change but, at best, the lack of an unfavorable change. Finally, characterizing a removal order as “progress” in the removal proceedings does not render it a favorable change. Petitioner has identified no legal or constitutional error in the IJ determining that entry of a removal order does not make Petitioner less of a flight risk or danger. Accordingly, the Court concludes Petitioner has not established a violation of her due process rights.

## IV. CONCLUSION

For the foregoing reasons, Petitioner’s petition for writ of habeas corpus (dkt. # 1) is DENIED.

Dated this 9th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge